NUMBER 13-04-609-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MIKE JONES, Appellant,


v.



WELLS FARGO BANK, N.A., Appellee.

 


On appeal from the 117th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez



 

 Appellant, Mike Jones, sued appellee, Wells Fargo Bank, N.A. ("Wells Fargo"), for
conversion, breach of fiduciary duty, negligence, and breach of contract. In his suit,
appellant sought to recover funds that were transferred to a court-appointed receiver from
accounts held under his name. The trial court granted a traditional motion for summary
judgment in favor of Wells Fargo. On appeal, appellant contends the trial court erred in
granting summary judgment. We affirm in part and reverse and remand in part.

Background

 In November of 1999, the State of Texas filed a consumer protection suit against
appellant's brother, Ali Yazdchi ("Ali"). (1) At this time, the 61st District Court of Harris County
entered an ex parte temporary restraining order against Ali after finding that he may have
violated the Deceptive Trade Practices Act. (2)

 On December 21, 1999, the court entered a temporary injunction and appointment
of temporary receiver against Ali. Through this entry, the court ordered that David West
be appointed "Temporary Receiver of defendant Ali Yazdchi and any assets standing in
the name of Ali Yazdchi or any alias of Ali Yazdchi[.]" The receiver was then authorized
to "take possession and charge" of Ali's assets. This included, but was not limited to, "any
deposits made by or for Ali Yazdchi (or any alias name used by Ali Yazdchi) with any bank,
saving and loan association, [or] financial institution." (3) The aliases covered by the order
included the alias, "Mike Jones."

 On January 3, 2000, the trial court entered another ex parte temporary restraining
order, stating, in part:

 Since the signing of the Temporary Injunction Order, which specifically
covers the Defendant's relatives and his agents, the State has been made
aware of two other banks, both in Corpus Christi, where Mr. Mike Jones,
brother to the Defendant, has deposited sums of money and withdrawn
some of those funds for transfer to Iran or other financial institutions outside
the jurisdiction of this court. (4)


The order restrained appellant "from opening and/or closing any bank accounts, depositing,
transferring and/or withdrawing any funds in any existing new account at any financial
institutions, where ever located[.]"

 On January 10, 2000, the trial court entered a supplemental temporary injunction. 
The court found that appellant had violated the court's temporary injunction and was in
contempt of court. As a result, the court ordered that all sums of money on deposit in
account #5079551 and #274610872 be transferred to West, the temporary receiver. The
order further stated that these accounts could be closed after all the money had been
transferred.

Standard of Review

 A party moving for summary judgment has the burden of proving that there is no
genuine issue of material fact and that the movant is entitled to judgment as a matter of
law. (5) When deciding whether there is a disputed, material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true. (6) Every reasonable
inference must be indulged in favor of the non-movant and any doubts must be resolved
in its favor. (7) When a defendant moves for summary judgment, it must either (1) disprove
at least one element of the plaintiff's cause of action or (2) plead and conclusively establish
each essential element of its affirmative defense, thereby defeating the plaintiff's cause of
action. (8)

 Here, the summary judgment order did not specify the grounds upon which the trial
court relied, and thus the appellant, as the non-movant, is required to show that each
summary judgment ground alleged was insufficient to support summary judgment. (9) 
Accordingly, we will affirm the trial court's summary judgment order if any ground presented
in the supporting motion was meritorious. (10)

Discussion

 Appellant asserts that Wells Fargo should not have transferred funds from four of
his accounts for the following reasons: (1) there is a question as to whether the trial court
properly served appellant with process; (2) the court-appointed receiver was only
empowered to receive property from appellant's brother; (3) appellant was not named as
a defendant in the State's suit; (4) the order transferred assets standing in an alias name
only when Ali was actually using the alias name as an alias, thus Wells Fargo unlawfully
transferred assets standing in appellant's name without regard to whether Ali actually
owned or was in possession of those assets; and (5) by analogizing to garnishment law,
appellant contends that Wells Fargo was obligated by law to turn over funds in accounts
held in his name.

 The arguments before us have been addressed by the First and Fourteenth Courts
of Appeals in cases that arose from the State's suit against Ali, which has been discussed
herein. (11) In those cases, the courts determined that the defendants, various financial
institutions, were statutorily immune from liability as a matter of law for transferring funds
from plaintiffs' accounts to the court-appointed receiver pursuant to the orders entered in
the Ali action. (12) In coming to its ruling in Bank One, the First Court stated:

 The Banks received a copy of the order, indicating that the court had found
that Ali was using accounts at their institutions, under alias names, to deposit
funds from illegal activities. The court commanded the Banks to turn over
funds held in these accounts. Section 31.010 permitted the Banks to rely on
the court's orders without conducting an independent investigation and
without fearing that they would be subject to liability for complying with the
plain language of the orders. (13)


The First Court also noted that Texas Finance Code section 59.008(c) "places the burden
on a customer of a financial institution to prevent a financial institution from complying with
or responding to notices of freeze, receivership, restraining orders, and injunctions
asserting or establishing claims against customer accounts." (14) Finally, the court found that
precedent in the garnishment context supported the Banks' contention that they were not
required to conduct an investigation into the true ownership of the funds because requiring
them to do so would improperly shift judicial responsibility to the Banks. (15) 

 In the present case, the temporary injunction empowered the receiver to take
possession of bank accounts held in the name of "Mike Jones." We find that Wells Fargo
complied with this order when it transferred appellant's four accounts to the receiver. (16) 
Issues pertaining to whether (1) appellant was properly served, (2) appellant was named
in the State's suit, and (3) the receiver had authority to take possession of appellant's
assets, are matters that Wells Fargo did not have a duty to independently investigate. 
Furthermore, because we believe that appellant did not meet the burden imposed upon
him by finance code section 59.008(c), (17) we reject appellant's claim that Wells Fargo
unlawfully transferred assets standing in his name without regard to whether Ali actually
owned or was in possession of those assets. Finally, we reject appellant's garnishment
argument for the same reasons stated by the First Court in Bank One. (18)

 Though we find that Wells Fargo lawfully transferred appellant's four accounts to the
receiver, we do have a concern regarding the present state of two of those accounts. 
Wells Fargo's summary judgment evidence includes copies of two letters, both of which
are written by the receiver, David West, and addressed to Darrell Reece of Wells Fargo's
Texas Legal Department. In a letter dated June 6, 2000, West writes that he is "releasing
the following account in the name of Mike Jones: Acct. #961 8116459 in the amount of
$4,417.31 opened 3-22-99." (19) In the other letter, dated June 7, 2000, West writes: "I am
releasing the account in the name of Mike Jones: Acct. #961 5053366 in the amount of
$478.25 opened 3-17-99 to the account holder."

 In his original petition, dated May 22, 2003, appellant contends that he has not
received any of the assets contained in the two aforementioned accounts. We find no
evidence in the record refuting this contention. Because it appears that appellant is
entitled to the assets contained in these two released accounts, we find that the trial court
erred, with respect to these accounts, in granting Wells Fargo's summary judgment motion.

Conclusion

 We find that Wells Fargo lawfully complied with a court order in transferring all four
of appellant's accounts to the receiver and overrule all arguments to the contrary. We
affirm the summary judgment motion as to account #4610872 and #5079551. We remand
to the trial court to determine only the disposition of the assets in account #8114659 and
#5053366.



 

 LINDA REYNA YAÑEZ,

 Justice




Memorandum opinion delivered and filed 

this the 26th day of April, 2007.
1. State of Texas v. Ali Yazdchi, also known as Al Giovanni, Habibollah Yazdchi, Habibolah Yazdchi,
Hosein Y. Mohamad, Mohamed H. Yazdchi, Abbas Yazdchi, A. Abbasyazdchi, Ahmad Yazdchi, Habibolloah
Yazdchi, Ali Yazdi, Habibolah Yazdi, Amir Ahmad, Yazdchi Habibollah, Yazdchi Ali, Yazdchi Mohamad,
Yazdchi Habibolah, Yazdchi Ahmad, A. Yazdchi Habibolah, A. Yazdchi, A. Yazdchi Abbas, A. Aliyazdchi,
Sidney Sam Hessein, Mike Jones, Al Auto, Al Auto Sales, All's Cars, Ali's Cars, and Alis Cars, No.
1999-57020, pending in the 61st Judicial District Court of Harris County, Texas.
2. See Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (Vernon 2002 & Supp. 2006).
3. Emphasis added.
4. Emphasis added. The names of the two aforementioned banks in Corpus Christi, at the time this
order was entered, were First National Bank of South Texas and Norwest Bank, N.A. These banks are now
known as Wells Fargo.
5. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); Farah v.
Mafrige & Kormanik, 927 S.W.2d 663, 670 (Tex. App.-Houston [1st Dist.] 1996, no writ).
6. Nixon, 690 S.W.2d at 548-49.
7. Id. at 549. 
8. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Farah, 927 S.W.2d at 670.
9. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
10. Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995); Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989).
11. Yazdchi v. Bank One, Tex., N.A., 177 S.W.3d 399 (Tex. App.-Houston [1st Dist.] 2005, pet.
denied); Yazdchi v. TradeStar Invs. Inc., No. 14-05-00125-CV, 2006 Tex. App. LEXIS 8372 (Tex.
App.-Houston [14th Dist.] Sept. 26, 2006, no pet. h.). These two cases involved nearly the same factual
scenario and arguments on appeal that we encounter herein. The appellants in these cases were also Ali's
brothers: Ahmad Yazdchi and Abbas Yazdchi. We note that the aforementioned ex parte temporary
restraining order (entered on January 3, 2000) states that Mike Jones is also known as "Abbas Yazdchi."
12. Bank One, 177 S.W.3d at 408; TradeStar, 2006 Tex. App. LEXIS 8372, at *9-10.
13. Bank One, 177 S.W.3d at 406. Section 31.010 of the civil practice and remedies code states that
a financial institution that complies with an order to turn over assets to a receiver is not liable for such
compliance to: (1) the judgment debtor; (2) a party claiming through the judgment debtor; (3) a co-depositor
with the judgment debtor; or (4) a co-borrower with a judgment debtor. Tex. Civ. Prac. & Rem. Code Ann. §
31.010 (Vernon Supp. 2006).
14. Bank One, 177 S.W.3d at 407.
15. Id. at 408.
16. The trial court's supplemental temporary injunction, which specifically orders for the assets in two
of the four complained of accounts to be transferred to the receiver, further supports this finding.
17. Tex. Fin. Code Ann. § 59.008(c) (Vernon Supp. 2006) ("The customer bears the burden of
preventing or limiting a financial institution's compliance with or response to a claim subject to this section by
seeking an appropriate remedy, including a restraining order, injunction, protective order, or other remedy,
to prevent or suspend the financial institution's response to a claim against the customer.").
18. Id. at 407-08.
19. In this letter, West also discusses two other accounts that appellant seeks recovery for: account
#027 4610872 and account #961 5079551. West requests that these accounts be emptied and closed.